## THORNTON v. SMITH.

1. TAX SALE: *Taxes paid at wrong time.*
   The payment of taxes at a time when the collector is not authorized to receive them, will not avoid the subsequent sale of the land for the same taxes.

2. SAME: *Auditor's deed: Evidence.*
   An auditor's donation deed, in the usual form, is *prima facie* evidence of the regularity of the forfeiture of the land.

APPEAL from *Sharp* Circuit Court in Chancery.
Hon. R. H. POWELL, Circuit Judge.

*W. M. Davidson,* for appellant:

Cited revenue law in *Gould's Digest, p. 933, secs. 22, 23; Boza v. Whitfield,* 19 *Ark.,* 449; *Story on Agency,* 160, 418, 421, 163, 269, 402, 403, 418, 429; *Case v. Doyers,* 3 *Caine's Rep.,* 261; *Jackson v. Baird,* 4 *Johns. Rep.,* 234; *Heath. v. Ross,* 12 *ib.,* 140; *Jackson v. Stagg,* 2 *ib.,* 520; *McMichael et al. v. ——,* 3 *Cowen, N. Y.,* 75; *Jackson v. Ball, Johns. Rep., Ch. Ca.,* 81; *Kelly v. Carson,* 11 *Wisconsin, ——.*

Thornton v. Smith.

*Henderson & Caruth*, for appellee:

Auditor's deed *prima facie* evidence of performance of all requisite conditions. *Gantt's Digest, sec.* 5221 : *Steadman v. Planters' Bank*, 7 *Ark.*, 424 ; *Bettison v. Budd*, 17 *Ark.*, 546.

Action barred. *Gantt's Digest, sec.* 4117 ; *Blackwell on Tax Titles (3d ed.), top pp.* 57, 58.

ENGLISH, C. J. This suit was commenced on the chancery side of the circuit court of Sharp county, on the seventeenth of March, 1877, by James M. Thornton, a citizen of Tennessee, against Malissa J. Smith, a married woman.

The purpose of the suit was to cancel, as a cloud upon plaintiff's title, an auditor's donation deed, issued to defendant on the fourth of September, 1871, for the lands described in the bill, being one eighty, and two forty acre tracts, making 160 acres, which were unimproved and unoccupied, and situated in Lawrence county when forfeited to the state for the non-payment of taxes, etc., for the year 1866, and in Sharp county when donated to defendant, and when the suit was commenced.

Plaintiff claimed title to the lands by virtue of a patent issued to him by the president of the United States, on the first of November, 1853, and alleged that, through his agents, he had paid all taxes charged upon them from the date of his patent, down to the time of suit, and particularly for the year 1866, for which they were returned forfeited. This, defendant, in his answer, denied, and pleaded the statute of limitations of two years.

There can be no doubt from the evidence, as the court found upon the hearing, that the lands were returned delinquent, by the collector of Lawrence county, for the non-payment of the taxes of 1866, advertised, offered for sale at the tax sale made by the collector, on the eleventh and

twelfth of March, 1867, forfeited to the state for want of a bidder, and so returned to the auditor, and were not redeemed.

Plaintiff produced a receipt of the collector for the taxes assessed upon the lands for the years 1866 and 1867, without date, but proved, by his agent, that the taxes were paid to the collector, and the receipt given by him in the fall of 1877. There was an attempt to prove that this receipt was a forgery, or had been altered. But this is immaterial, for if genuine, it was of no validity, the collector having no authority at that time to receive the taxes.

Having been returned to the auditor as forfeited for the non-payment of taxes, penalty and costs charged upon them for the year 1866, they had to be redeemed, under the statute then in force, by paying the amount thereof, within two years from the date of forfeiture, into the treasury of the state, the amount to be ascertained by the auditor. *Gould's Digest, secs. 138, 141, chap. 148.*

The auditor's deed to defendant was in the usual form, and *prima facie* evidence of the regularity of the forfeiture, etc. It was in no material matter successfully attacked by plaintiff.

The court also held that the suit was barred by limitation, but the above defense was sufficient to defeat the plaintiff's bill, and it is needless to inquire into or decide the question of limitation.

It may be a misfortune for the plaintiff to lose his lands by the negligence of his agents, but there is no help for him in this suit. The court below dismissed the bill for want of equity, and the decree must be affirmed.